**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| COLSON GROUP HOLDINGS LLC, | ) | Case No. 3-16-cv-10368 |
|  | ) |  |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BLICKLE U.S.A. WHEELS AND CASTERS | ) |  |
| INC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**VERIFIED COMPLAINT**

Plaintiff Colson Group Holdings LLC ("Colson Group") for its Complaint against

Defendant Blickle U.S.A. Wheels and Casters Inc. ("Blickle U.S.A.") states as follows:

**NATURE OF THE ACTION**

1.      Blickle U.S.A. has infringed Colson Group's copyrights and engaged in false

advertising and unfair competition under federal and state law by willfully misappropriating

Colson Group's copyrighted images from Colson Group's marketing materials, incorporating

those images into Blickle U.S.A.'s new catalog and price list, and falsely passing them off as

images of Blickle U.S.A.'s own products.

2.      Colson Group has designed, manufactured and sold casters, wheels, and related

products for commercial, institutional, and industrial use since 1885.  It uses highly staged,

enhanced photos of its products, including the six photos owned by Colson Group at issue here

(the "Colson Photos"), to successfully market its products to its customers.  Colson Group's

long-time photographer used custom photographic equipment, sophisticated techniques, and

intensive post-production editing to create the Colson Photos for Colson Group. Each of the Colson Photos took many hours to create and reflects the photographer's particular creativity, skill, and expertise.

3. Blickle U.S.A. recently hired Colson Group's former Chief Executive Officer, Scott Chahalis, to be its President. Mr. Chahalis is well aware of the creativity, time, and expense that were involved in producing the Colson Photos. Before Mr. Chahalis joined Blickle U.S.A., its business focused primarily on products designed for European standards. After Mr. Chahalis joined Blickle U.S.A., the company decided to begin offering a new "Pegasus" line of casters, wheels, and related products designed for commercial, institutional, and industrial use in the U.S. market. Blickle U.S.A.'s "Pegasus" products compete directly with the Colson Group products line that Colson Group has spent years building in the United States. In an effort to get an unfair advantage, Blickle U.S.A. copied the Colson Photos with little or no modification and included the photos (the "Infringing Photos") in Blickle U.S.A.'s June 2016 "Pegasus" Catalog (the "'Pegasus' Catalog") and its June 2016 "Pegasus Casters and Wheels Price Book" (the "'Pegasus' Price Book")—even though the Colson Photos are owned by Colson Group and depict Colson Group products, not Blickle U.S.A. products.

4. As the example below shows, the Infringing Photos are indistinguishable from the Colson Photos, and in at least one instance even included the Colson logo from the original Colson Photo:



5.      Upon information and belief, not only did Blickle U.S.A. necessarily know it was infringing Colson Group's rights and falsely representing Colson Group's products as its own before it used the Colson Photos, Blickle U.S.A. has steadfastly refused to cease its willful infringement and false advertising in the face of Colson Group's repeated demands that Blickle U.S.A. cease its unlawful conduct.

6.      In light of Blickle U.S.A.'s willful, unauthorized use of the Colson Photos as false representations of Blickle U.S.A.'s products, Colson Group has no choice but to assert claims for damages and injunctive relief based on the Copyright Act of 1976, 17 U.S.C. § 101 et seq., the Lanham Act, 15 U.S.C. § 1051 et seq., the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, and Illinois common law.

### THE PARTIES

7.      Plaintiff Colson Group Holdings LLC is a Delaware limited liability company with offices at 1815 S. Meyers Road, Suite 750, Oakbrook Terrace, Illinois 60181.

8.      Upon information and belief, Defendant Blickle U.S.A. Wheels and Casters Inc. is a Delaware corporation with offices at 108 Pine Road, Newnan, Georgia 30263.

3

**JURISDICTION AND VENUE**

9.      This action asserts claims arising under the Copyright Act, 17 U.S.C. § 101 et

seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has federal question jurisdiction

over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  This Court also has

subject matter jurisdiction over Colson Group's state law claims pursuant to the principles of

pendent jurisdiction under 28 U.S.C. § 1367(a).

10.     Upon information and belief, this Court has personal jurisdiction over Blickle

U.S.A. because it has committed tortious acts both inside and outside Illinois causing injury

within the state of Illinois and derives substantial revenue from interstate commerce.  Upon

information and belief, this Court also has personal jurisdiction over Blickle U.S.A. because it

transacts business in Illinois.  Among other things, upon information and belief, Blickle U.S.A.

operates websites located at the domain names <<www.blickle.us.com/en/us>> and

<<pegasus.blickle.us.com>>.  Upon information and belief, the "Pegasus" Catalog has been

made available to customers based in Illinois through those websites.  In addition, upon

information and belief, Blickle U.S.A. is a member of Prime Advantage Corp.'s group

purchasing organization.  Upon information and belief, Prime Advantage Corp. is a Delaware

corporation with offices at 625 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**FACTUAL BACKGROUND**

A.      **Colson Group**

12.     Colson Group, with headquarters in Oakbrook Terrace, Illinois, has been

designing and manufacturing quality casters, wheels, and related products since 1885.  Today,

Colson Group is a recognized market leader in the caster and wheel industry.

13.     Over the course of its more than 130-year history, Colson Group has earned a

global reputation as one of the most-trusted caster and wheel manufacturers. Colson Group manufactures its products to exacting specifications at locations worldwide, including its U.S. facilities of Jonesboro, Arkansas; Albion, Michigan; Monette, Arkansas; and St. Joseph, Michigan. To assure its products are of the highest quality, Colson Group tests its products to ensure that they meet industry standards such as those set by the Institute of Caster and Wheel Manufacturers, the National Sanitation Foundation, and the Restriction of Hazardous Substance Directive. In addition, Colson Group continually evaluates all of its products to ensure that its clients receive the best quality products at every price point. Colson Group stands by its Colson-branded products by providing its customers with an industry-leading three-year warranty that many of Colson Group's competitors, including Blickle U.S.A., do not offer.

14.     Colson Group offers its products under various trademarks, including COLSON and HI-TECH PERFORMA, that are owned by Colson Group or its subsidiaries. Those marks appear on the legs of Colson Group's caster brackets and/or on the sidewalls of Colson Group's wheels.

**B.     Colson Group's Marketing Efforts and the Colson Photos**

15.     Colson Group regularly creates high quality catalogs to promote its products, which it distributes to its customers and potential customers by e-mail, mail, in-person customer site visits and at industry trade shows and conferences. These catalogs are critical to the visual buying and decision-making behavior of customers, and to the premium positioning of Colson Group's products in the marketplace. Colson Group also makes its Colson-branded catalogs available on its website located at the domain name <<www.colsoncaster.com>>.

16.     Since at least July, 2000, Colson Group's catalogs have included photos of its products created for Colson Group by its long-time advertising agency, Advertising Impact, Inc. ("Advertising Impact"), and in particular by Advertising Impact's staff photographer, Larry T.

Wright.  Mr. Wright is the photographer who took the Colson Photos, each of which is depicted below:



Colson Series 2 Caster with Gray Wheel
(a_01_or.psd)



Colson Series 2 Caster with Gray Wheel and
Long Threaded Stem
(a_02_or.psd)



Colson Series 2 Caster with Red Wheel
(a_03_or.psd)



Colson Series 2 Caster with Gray Wheel and
Expanding Caster
(a04_or.psd)

 



Colson Series 2 Caster with Gray Wheel and
Short Threaded Stem
(a05_or.psd)

Colson Series 2 Caster with Gray Wheel and
Square Post Stem
(a06_or.psd)

17.     In order to create the Colson Photos shown above, Mr. Wright made
particularized creative decisions as to which high-quality cameras, lenses, shutter speeds, and
filters to use to best capture the unique features of Colson Group's products.  Mr. Wright used
several different techniques, some of which were specially designed for the Colson Group, to
create highlights on the casters, along with custom-made equipment to align the caster and wheel
perfectly.  Mr. Wright also used black paper to reflect black into the chrome casters, which
creates unique shadows on the Colson Group products.  Furthermore, Mr. Wright angled all of
the Colson Group products in such a way as to orient the viewer to the unique, high-quality
features of the products.  Finally, Mr. Wright enhanced the images of all of the Colson Group
products through intensive post-production editing.

18.     Colson Group owns the Colson Photos via an assignment from Mr. Wright's
employer, Advertising Impact.

19.     Colson Group has applied to register the Colson Photos with the U.S. Copyright
Office on an expedited basis.

**C.** **Blickle U.S.A., Scott Chahalis, and the Infringing Photos**

20.     Upon information and belief, Blickle U.S.A. is a subsidiary of the German company Blickle Räder+Rollen GmbH u. Co. KG, based in Rosenfeld, Germany ("Blickle Germany").

21.     Upon information and belief, in or about October 2015, Blickle U.S.A. hired Scott Chahalis to be its president.  Mr. Chahalis had been an employee of the Colson Group family of companies from May 1994 to August 2013.  Specifically, Mr. Chahalis was the Marketing Manager of Colson-brand products, including the products that are depicted in the Colson Photos, and later became President and Chief Executive Officer of Colson Group.  As a result, Mr. Chahalis is intimately familiar with Colson Group's products, marketing strategy, and intellectual property, including the Colson Photos.

22.     Upon information and belief, soon after Mr. Chahalis joined Blickle U.S.A. in October 2015, Blickle U.S.A. decided to begin offering standard products specifically designed for the American market—products that neither Blickle Germany nor Blickle U.S.A. had previously offered in the U.S., and that would directly compete with Colson Group's products for the first time.  These products, which are featured in the "Pegasus Casters and Wheels" Catalog (*i.e.*, the "Pegasus" Catalog), are direct replicas of specially-designed Colson Group products in dimension, capacity, color, and other attributes.

23.     Upon information and belief, in or about June 2016, Blickle U.S.A. announced the availability of its "inaugural Blickle US catalog [*i.e.,* the "Pegasus" Catalog] focusing on American Standard product content."  The Blickle U.S.A. "Pegasus" Catalog as well as the "Pegasus" Price Book, included the Infringing Photos, which (1) infringe Colson Group's copyrights in the Colson Photos and (2) falsely portray Colson Group products as Blickle U.S.A. products.

24.     Each Colson Photo and the corresponding Infringing Photo is shown below, along with an overlay of each photo, which shows that each Infringing Photo is identical to the corresponding Colson Photo:





25.     Several of the Infringing Photos have been modified to remove Colson Group's trademarks and other branding indicia from the products, thus concealing from customers that the products depicted in the photos were made by Colson Group, not by Blickle U.S.A.  Blickle U.S.A.'s copying of the Colson Photo entitled "Colson Series 2 Caster with Red Wheel (a_03_or.psd)" was so blatant, however, that Blickle U.S.A. did not even remove the Colson

logo from the sidewall of the wheel before using the Infringing Photo, as shown below:



26.     Blickle U.S.A. used the Colson Photos without Colson Group's permission in order to gain an unfair advantage and trade off Colson Group's hard-earned reputation for making high-quality products, designed specifically for the American market.  Upon information and belief, rather than take the time to engineer, develop, test, and manufacture its own products for the American market, Blickle U.S.A. jump-started the process by leveraging the Colson Group-developed intellectual property and information about Colson Group's supply chain that Mr. Chahalis gained as a result of his years of employment with the Colson Group, and also by using the Colson Photos—which depict Colson Group's products, <u>not</u> Blickle U.S.A.'s products.

27.     On October 12, 2016, Thomas W. Blashill, Colson Group's Chief Executive Officer, wrote to Reinhold Blickle of Blickle Germany to notify Blickle Germany of Blickle U.S.A.'s unlawful conduct (the "October 12th Letter").  Among other things, in its four-page October 12th Letter, Colson Group identified the Infringing Photos and provided comparisons of certain Colson Photos and their corresponding Infringing Photos.  Colson Group also informed Blickle Germany that Blickle U.S.A. had infringed the Colson Photos and demanded that Blickle U.S.A. immediately (1) cease any and all marketing and distribution of the "Pegasus" Catalog and any other works incorporating, in whole or in part, any of the Colson Photos, and (2) recall and destroy copies of the "Pegasus" Catalog that had already been distributed to third parties.

28.     Mr. Blickle responded to Mr. Blashill's October 12th Letter on October 21, 2016 (the "October 21st Letter").  In the October 21st Letter, which was less than a single page,

12

Blickle Germany argued that the images in its "promotional materials" "belong to Blickle, or are otherwise used with the express permission of [Blickle's] contractual partners, including [Blickle's] worldwide suppliers." Blickle Germany refused either to cease using the Infringing Photos in the "Pegasus" Catalog or the "Pegasus" Price Book, or to recall copies of the "Pegasus" Catalog that had been distributed to third parties, but did agree to remove the Infringing Photos from its website.

29.     On October 24, 2016, Colson Group's outside counsel responded to Blickle Germany (the "October 24th Letter"). In the October 24th Letter, Colson Group reiterated the concerns set forth in the October 12th Letter. Colson Group further explained that in addition to using the Colson Photos in the "Pegasus" Catalog, Colson Group also learned that Blickle U.S.A. was using the Colson Photos in the "Pegasus" Price Book and on the website located at the domain name <<www.blickle.us.com/en/us>>.

30.     In the October 24th Letter, counsel for Colson Group also informed Blickle Germany that the suggestion in the October 21st Letter that Blickle U.S.A. somehow obtained permission to use the Colson Photos from Blickle U.S.A.'s "worldwide suppliers" was incorrect, as Colson Group has never licensed any suppliers to use, or sublicense to third parties the right to use, the Colson Photos.

31.     In its October 24th Letter, Colson Group requested that Blickle Germany and Blickle U.S.A. confirm in writing by no later than October 27, 2016, that they had complied with Colson Group's demands. The October 24th Letter further explained that if Blickle Germany and Blickle U.S.A. did not comply, Colson Group would have no alternative but to file suit in this Court by no later than November 4, 2016.

32.     Counsel for Blickle U.S.A. responded by letter on October 27, 2016, and agreed

to cease distributing the "Pegasus" Catalog going forward, but refused to recall copies of the "Pegasus" Catalog or "Pegasus" Price Book that had previously been distributed. Blickle U.S.A. also continued to assert that it had somehow obtained permission to use the Colson Photos from an unidentified third party.

33.     Counsel for the Colson Group responded on October 31, 2016, and explained that the "Pegasus" Catalog still was available at Blickle U.S.A.'s website located at the domain name <<pegasus.blickle.us.com>> (collectively with the website located at the domain name <<www.blickle.com/en/us>>, the "Blickle Websites"). Colson Group also requested that Blickle U.S.A. identify the third party that had supposedly given it permission to use the Colson Photos, and reiterated that Colson Group had never licensed the Colson Photos to any third party. Colson Group also repeated its demand that Blickle U.S.A. recall all copies of the "Pegasus" Catalog, the "Pegasus" Price Book, and any other materials created by or on behalf of Blickle U.S.A. that incorporate, in whole or in part, the Colson Photos, that were distributed to third parties.

34.     Blickle U.S.A. did not remove the "Pegasus" Catalog from its website located at the domain name <<pegasus.blickle.us.com>> until after Colson Group complained a second time, in its October 31st Letter.

35.     On November 3, 2016, Blickle U.S.A.'s counsel responded to Colson Group's October 31st letter (the "November 3rd Letter"). In its November 3rd letter, counsel for Blickle U.S.A. stated that its "investigation ha[d] not reached a conclusive determination," but nevertheless asserted that the Infringing Photos were obtained from its suppliers and thus not unlawful. Furthermore, although Blickle U.S.A. stated that it would "timely issue replacement catalogs and update its websites accordingly," Blickle U.S.A. did not explain when it would do

14

so. Blickle U.S.A. also wholly failed to address Colson Group's requests that it (1) cease distributing the "Pegasus" Price Book, (2) recall all copies of the "Pegasus" Catalog, "Pegasus" Price Book, and any other materials containing the Colson Photos, that it had already distributed, and (3) identify the suppliers from whom Blickle U.S.A. purports to have received the Colson Photos.

36.     In light of Blickle U.S.A.'s continuing willful unlawful conduct, Colson Group has no choice but to enforce its rights through this litigation.

**COUNT I:**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 et seq.)**

37.     Colson Group incorporates by reference the allegations contained in paragraphs 1-36 as though fully set forth and alleged herein.

38.     By its actions alleged above, Blickle U.S.A. has infringed and will continue to infringe Colson Group's copyrights in the Colson Photos by, among other things, copying the Colson Photos and creating the Infringing Photos, which are substantially similar to and derived from the Colson Photos, which they have then copied, publicly displayed, and distributed.

39.     Blickle U.S.A. has not obtained any authorization or other permission from Colson Group, directly or indirectly, with respect to the Colson Photos.

40.     Blickle U.S.A.'s infringement of Colson Group's copyrights in the Colson Photos has been deliberate, willful, and in utter disregard of Colson Group's rights.

41.     Colson Group is entitled to an injunction restraining Blickle U.S.A., its agents and employees, and all persons acting in concert or participation with it, from engaging in any further such acts in violation of the Copyright Act.

15

42. Colson Group is further entitled to recover from Blickle U.S.A. the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Blickle U.S.A. as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot fully be ascertained by Colson Group, but will be established according to proof at trial.

**COUNT II:**
**FALSE ADVERTISING UNDER THE LANHAM ACT**
**(15 U.S.C. § 1051 et seq.)**

43. Colson Group incorporates by reference the allegations contained in paragraphs 1-42 as though fully set forth and alleged herein.

44. Blickle U.S.A.'s use of the Infringing Photos in its advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, constitutes false representations of fact because the Infringing Photos falsely describe and/or represent Colson Group's products as being Blickle U.S.A.'s products, when they are not.

45. Blickle U.S.A.'s advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, that depicts the Infringing Photos is literally false.

46. Blickle U.S.A.'s false advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, took place in interstate commerce.

47. Blickle U.S.A.'s false advertising was willful and intentional.

48. Colson Group has been damaged and/or is likely to be damaged by Blickle U.S.A.'s false advertising.

49. Colson Group is entitled to an injunction restraining Blickle U.S.A., its agents and employees, and all persons acting in concert or participation with it, from engaging in any further acts in violation of the Lanham Act.

50.     Colson Group is further entitled to recover from Blickle U.S.A. the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Blickle U.S.A. as a result of its false advertising alleged above.  At present, the amount of such damages, gains, profits and advantages cannot fully be ascertained by Colson Group, but will be established according to proof at trial.

**COUNT III:**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS 510)**

51.     Colson Group incorporates by reference the allegations contained in paragraphs 1-50 as though fully set forth and alleged herein.

52.     Colson Group and Blickle U.S.A. are both engaged in trade and commerce in the state of Illinois, and both are engaged in interstate trade or commerce.

53.     By using the Infringing Photos in its advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, Blickle U.S.A. has passed off Colson Group's goods as being those of Blickle U.S.A., when they are not.

54.     Blickle U.S.A. also has represented that its products have characteristics and/or benefits that they do not have.

55.     Blickle U.S.A. also has represented that its products are of a particular standard, quality, or grade, or are a particular style or model, when they are not.

56.     Blickle U.S.A.'s advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, that depicts the Infringing Photos advertises goods (*i.e.*, Colson Group products) that Blickle U.S.A. did not intend to sell as advertised.

57.     Blickle U.S.A.'s advertising, including the "Pegasus" Catalog, the "Pegasus" Price Book, and the Blickle Websites, took place in interstate commerce.

58.     Blickle U.S.A.'s actions involve advertising and trade practices which are addressed to the market generally and implicate consumer protection concerns.

59.     Blickle U.S.A.'s conduct constitutes deceptive acts or practices in the course of business, trade, or commerce in violation of 815 ILCS 510/2, with intent that others will rely upon the misrepresentation, concealment, or omission of such material facts.

60.     Colson Group is entitled to an injunction restraining Blickle U.S.A., its agents and employees, and all persons acting in concert or participation with it, from engaging in any further acts in violation of the Illinois Uniform Deceptive Trade Practices Act.

61.     Colson Group is further entitled to recover from Blickle U.S.A. the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Blickle U.S.A. as a result of its deceptive trade practices alleged above.  At present, the amount of such damages, gains, profits and advantages cannot fully be ascertained by Colson Group, but will be established according to proof at trial.

**COUNT IV:**
**FALSE ADVERTISING**
**(ILLINOIS COMMON LAW)**

62.     Colson Group incorporates by reference the allegations contained in paragraphs 1-61 as though fully set forth and alleged herein.

63.     Colson Group and Blickle U.S.A. are engaged in trade and commerce in the state of Illinois, and both are engaged in interstate trade or commerce.

64.     Blickle U.S.A.'s actions involve advertising and trade practices which are addressed to the market generally and implicate consumer protection concerns.

65.     Blickle U.S.A.'s conduct constitutes unfair competition, including misrepresentation and concealment or omission of material facts in its advertising.  Blickle

U.S.A. intended that others rely upon that misrepresentation, concealment, or omission of such material facts.

66.     Blickle U.S.A.'s false depictions of its products have actually deceived and have the tendency to deceive a substantial segment of consumers, who have relied or likely will rely on Blickle U.S.A.'s false statements in making purchasing decisions.

67.     Colson Group is entitled to an injunction restraining Blickle U.S.A., its agents and employees, and all persons acting in concert or participation with it, from engaging in any further false advertising that violates Illinois common law.

68.     Colson Group is further entitled to recover from Blickle U.S.A. the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Blickle U.S.A. as a result of its false advertising alleged above.  At present, the amount of such damages, gains, profits and advantages cannot fully be ascertained by Colson Group, but will be established according to proof at trial.

**COUNT V:**
**UNJUST ENRICHMENT**
**(ILLINOIS COMMON LAW)**

69.     Colson Group incorporates by reference the allegations contained in paragraphs 1-68 as though fully set forth and alleged herein.

70.     Blickle U.S.A. has unjustly retained benefits to Colson Group's detriment through its use of the Infringing Photos, which, among other things, falsely depict Colson Group's products as Blickle U.S.A.'s products.

71.     Blickle U.S.A.'s retention of the benefits it has gained through its use of the Infringing Photos violates fundamental principles of justice, equity, and good conscience.

72.     Colson Group is entitled to recover from Blickle U.S.A. the profits and

advantages that Blickle U.S.A. has unjustly retained as a result of its acts alleged above. At present, the amount of such profits and advantages cannot fully be ascertained by Colson Group, but will be established according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Colson Group prays for relief against Blickle U.S.A., and respectfully requests that the Court:

(i)     Find that Blickle U.S.A. has infringed Colson Group's copyrights in the Colson Photos;

(ii)    Find that Blickle U.S.A. has engaged in false advertising under the Lanham Act;

(iii)   Find that Blickle U.S.A. has violated the Illinois Uniform Deceptive Trade Practices Act;

(iv)    Find that Blickle U.S.A. has engaged in false advertising under Illinois common law;

(v)     Find that Blickle U.S.A. has unjustly retained benefits to Colson Group's detriment;

(vi)    Find a substantial likelihood that Blickle U.S.A. will continue its unlawful conduct, including its infringement of Colson Group's copyrights, false advertising, and deceptive trade practices, unless enjoined from doing so;

(vii)   Issue a preliminary and permanent injunction which:

1.     Preliminarily and permanently enjoins Blickle U.S.A., its officers, agents, servants, and employees, and all persons in active concert and participation with them, including their affiliates, from further (a) infringing the Colson Photos and (b) disseminating the false and deceptive advertising claims in any form or medium;

2.      Requires Blickle U.S.A. to withdraw and/or retrieve all offending advertising materials from the marketplace; and

3.      Requires Blickle U.S.A. to disseminate among consumers corrective advertising, including corrective product packaging, to dispel the false and deceptive messages contained in the subject advertising;

(viii)   Enter judgment for Colson Group and against Blickle U.S.A. for Colson Group's actual damages according to proof, and for any profits attributable to infringements of the Colson Photos, false advertising, and deceptive trade practices, in accordance with proof;

(ix)     Order Blickle U.S.A. to render an accounting to Colson Group for Blickle U.S.A.'s profits or the value of the business opportunities received from the foregoing acts of infringement, false advertising, and deceptive trade practices;

(x)      Find that Blickle U.S.A's actions are exceptional under 15 U.S.C. § 1117;

(xi)     Issue an order multiplying or otherwise enhancing any award because of Blickle U.S.A.'s willful and deliberate activities described herein;

(xii)    Direct Blickle U.S.A. to pay Colson Group the costs of this action and its reasonable attorneys' fees incurred herein as authorized by law; and

(xiii)   Grant Colson Group such other and further relief as this Court deems just and proper.

## JURY DEMAND

Colson Group requests a trial by jury on its Complaint against Blickle U.S.A.


Dated: November 4, 2016            */s/Ian J. Block*_____
                                   Ian J. Block (IL Bar No. 6299117)
                                   KIRKLAND & ELLIS LLP
                                   300 North LaSalle

Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
ian.block@kirkland.com

Claudia Ray (*pro hac vice* admission pending)
Bonnie L. Jarrett (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-6460
claudia.ray@kirkland.com
bonnie.jarrett@kirkland.com

*Attorneys for Plaintiff*

## VERIFICATION

I, Valerie Richardson, am the Vice President, Global Market Development, of named Plaintiff in this action. I have read the foregoing Verified Complaint and am familiar with its contents. I declare under penalty of perjury under the laws of the United States that all of the factual statements contained in the foregoing Verified Complaint are true and accurate to the best of my belief and are based upon personal knowledge, except where expressly indicated otherwise.

Dated: November 4, 2016

Valerie Richardson
Vice President, Global Market Development
Colson Group Holdings LLC

24